# 1575-15

ORIGINAL

NO. PD-1575-15

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

TRISTAN OMARR ARMSTRONG,

Petitioner

v.

THE STATE OF TEXAS

Petition in Cause No. 2013-CR-5695 from the

District Court of Bexar County, Texas and

The Court of Appeals for the

First District of Texas

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

## PETITION FOR DISCRETIONARY REVIEW

Tristan Omarr Armstrong

P.O. Box 2354

Universal City, Texas 78148-1354

ATTORNEY FOR PETITIONER

INDIGENT

# TABLE OF CONTENTS

Index of Authorities ............................................................................................ii

Statement Regarding Oral Argument.............................................................2

Statement of the Case ..........................................................................3

Statement of Procedural History of the Case......................................................3

Grounds for Review .............................................................................3-4

      I.        Appellant's Court Appointed Counsel, Oscar Cantu Jr. intentionally deceived the Court of Appeals by submitting misleading correspondence.

      II.     Oscar Cantu Jr. confirmed his self, along with Patrolman Grey, all officers who swore under oath on May 29, 2014, and Universal City Police Department are part of an exceptional question that requires an extensive review by the Court of Appeals.

Argument in Support of Reason for Review................................................4-5

Prayer for Relief .............................................................................5

Appendix ......................................................................................6

# INDEX OF AUTHORITIES

*CASE LAW:*

*Anders v. California,*

    386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (Anders Brief)


*CONSTITUTIONS:*

*U.S. Const. amend. I § 3.*

*U.S. Const. amend. IV § 2.*

*U.S. Const. amend. V § 2.*

*U.S. Const. amend. VI § 3.*

*U.S. Const. amend. VIII § 2.*


*STATUES:*

26 U.S.C. § 7206(c)

TEX. PENAL CODE § 39.01.2 (b)

TEX. PENAL CODE § 39.01. (b)

TEX. PENAL CODE § 39.02. (a)

TEX. PENAL CODE § 28.04


*RULES:*

Rule 44.2(a), TEX R. APP. PROC.

Rule 44.2(b), TEX R. APP. PROC.

Rule 44.2(c), TEX R. APP. PROC.

NO. PD-1575-15

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

---

TRISTAN OMARR ARMSTRONG

v.

THE STATE OF TEXAS

---

Petition in Cause No. 2013-CR-5695 from the

District Court of Bexar County, Texas and

The Court of Appeals for the First

Supreme Judicial District of Texas

---

## STATEMENT REGARDING ORAL ARGUMENT

The grounds for review set forth in this petition concerns the Court of Appeals, how Appellant's Counsel Oscar Cantu Jr., concluded Patrolman Grey's testimony was consistent describing his probable cause of action detaining the Appellant [1](R.R. v5 pg.9). Cross examination by defense, proved Patrolman Grey was inconclusive and inconsistent in his testimony. An act of Perjury under 26 U.S.C. §7206 fraud and false statements. Additionally, Patrolman Grey swore under oath, he discovered a marijuana "roach" in the Appellant's vehicle (R.R. V5 pg. 11). However, Appellant's Fourth Amendment has been violated, ambiguous of a valid search warrant initially obtained. Neglecting his Eighth Amendment of cruel and unusual punishment inflicted under false pretenses.

Moreover, Oscar Cantu Jr. failed to disclose to the Court of Appeals, testimony of Patrolman Grey's Criminal background, regarding Universal City Police Department's Incident No. 1300011013 occurring on 06/01/2013. Oscar Cantu Jr.'s court transcript pertains to incriminating evidence recognizing Universal City Police Department as the perpetrator. Exhibits submitted by the Appellant, identifying negligent officers on duty violating Penal Code §28.04 Reckless Damage or Destruction via use of a blunt object. All Officers having propinquity of Incident No. 1300011013 were present during trial May 29, 2014, and swore under oath all accusations against Appellant were true beyond a reasonable doubt. Ironically, every officer that swore under oath, did not have common knowledge of the alleged Evading

---

[1] As used in this petition, the record citation R.R. V5 refers to the clerk record, Oscar Cantu Jr. used to retrieve his information. Petitioner did not accompany Court Appointed Counsel Oscar Cantu Jr. prior, during, nor after the duration of Anders Brief.

2

Arrest occurring January 13, 2013. A violation of Appellant's Fourteenth Amendment, no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.

## STATEMENT OF THE CASE

The petitioner was convicted by a jury of the offense Evading Arrest Detention with Vehicle after a plea of not guilty; the punishment was assessed by the jury at two (2) years confinement in the Texas Department of Criminal Justice Institutional Division. This conviction was affirmed by the Court of Appeals for the First District on October 27, 2015.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its decision affirming petitioner's conviction on October 27, 2015, no motion for rehearing was filed by petitioner and the decision of the Court of Appeals became its final ruling on November 12, 2015. This petition was then filed with the clerk of The Court of Appeals within thirty (30) days after such final ruling to wit on December 4, 2015.

## GROUND FOR REVIEW

I.    The Court of Appeals Erred in holding that Appellant's Counsel violated Penal Code §39.02.a. with intent to harm or defraud another. Oscar Cantu Jr. knowingly submitted misleading correspondence to The Court of Appeals. Appellant's Counsel infringed on Appellant's First Amendment, denying his freedom of speech striking at his appeal.

II.     The Court of Appeals Erred in holding that Appellant's Sixth Amendment was ignored in regards to an alleged second evasion. Overruling his right to interview all witnesses against him. Consequentially, striping him of his First and Fifth Amendments. Rejecting his right to freedom of speech and repudiating his right to an indictment by Grand Jury.

## ARGUMENT IN SUPPORT OF REASON FOR REVIEW

I.     Appellant's Counsel, Oscar Cantu Jr. opted in labeling Appellant's Appeal with predetermined opinions within his Anders Brief. Oscar Cantu Jr. insisted Appellant's appeal was "wholly frivolous", "without merit", and provides "no reversible error". Sarcastically expressing his inhumane motion to withdraw as Counsel, on grounds of [2]*Anders v. California.* Oscar Cantu Jr. violated Appellant's Sixth Amendment, on grounds of due process. Oscar Cantu Jr. hoaxed the Court of Appeals with inaccurate correspondence between himself and the Appellant. Appellant's Court Appointed Counsel knowingly breaches his agreement as legal Counsel defiling Penal Code §39.01.2.b. In addition to his 39.01.b violation governing the conduct of a public servant.

II.     Appellant's Court Appointed Counsel deceived the Court of Appeals trusting his information was accurate. However, Oscar Cantu Jr. deluded the Court of Appeals into believing an alleged second Evading Arrest marathon ensued. Oscar Cantu Jr. neglected to acknowledge

---

[2] As used in this petition, the record citation Anders v. California refers to the explanation Oscar Cantu Jr. exhumes to the Court of Appeals as to why he describes he fulfilled his Court Appointed obligation. Information recovered by petitioner from Oscar Cantu Jr.'s Anders Brief, analyzing case number 01-14-00560-CR in the First Court of Appeals.

Appellant's Sixth Amendment was thoroughly violated. Appellant has been denied due process and his Civil Rights violated on an indictable scale. Oscar Cantu Jr. cannot provide evidence to the Court of Appeals an alleged second Evading Arrest episode transpired. Oscar Cantu Jr. deliberately defames the Appellant's character and urges the Court of Appeals to uphold the trial court decision. Appellant's Court Appointed Counsel, calculatedly withheld vital information through Court of Appeals correspondence. Oscar Cantu Jr., knowingly overlooked deviant behavior in connection to an abnormal circumstance.

## PRAYER FOR RELIEF

For the reason herein alleged, the petitioner was denied a fair trial in Cause No. 2013-CR-5695. Therefore, petitioner prays this Court grant this petition, set this case for oral argument, and upon reviewing the judgement entered below, quash sentencing to include all alleged Warrants, and reinstate Appellant's Concealed Handgun License. Furthermore, all wrong doings by St. Mary's University reconciled, and granted admission into the University of Houston Law Center effective immediately. Heavenly Father, Appellant prays you bless him with an opportunity to deliver justice through the Courts to Susan D. Reed Et al. and every perpetrator involved within Universal City Police Department.

Respectfully submitted,

Sworn to and subscribed before me
on this __1__ day of _December_, 20_15_

_____
NOTARY PUBLIC

My Commission Expires:_06/26/09_

INDIGENT

Tristan Omarr Armstrong

P.O. Box 2354

Universal City, Texas 78148-1354

(210) 284-9844


LISA CARREON
Notary Public, State of Texas
My Commission Expires
June 26, 2019

# APPENDIX A

Opinion issued October 27, 2015



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-14-00560-CR

---

**TRISTAN OMARR ARMSTRONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 226th District Court
Bexar County, Texas
Trial Court Case No. 2013-CR-5695

---

## MEMORANDUM OPINION

A jury found appellant, Tristan Omarr Armstrong, guilty of the third-degree

felony offense of evading arrest and assessed his punishment at two years'

confinement.[1] The trial court certified that the case is not a plea-bargain case and that appellant has the right to appeal. Appellant timely filed a notice of appeal.[2]

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the appellate record and the brief to appellant and informed him of his right to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *see also Kelly v. State*,

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (Vernon Supp. 2014).

[2] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Fourth District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (holding that appellate counsel who files *Anders* brief must "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes"). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by examining entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] Attorney Oscar Luis Cantu, Jr. must immediately send appellant the

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal

required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

FROM:

TRISTAN OMARR ARMSTRONG

Box 2354

versal City, Texas 78148-1354

TO:

Court of Criminal Appeals

P.O. Box 12308

Austin, Texas 78711

PLACE STICKER AT TOP OF ENVELOPE TO THE
OF THE RETURN ADDRESS, FOLD AT DOTTED
CERTIFIED MAIL

7015 1520 0002 5382



U.S. POSTAGE
PAID
HOUSTON, TX
77025
DEC 07 15
AMOUNT
$9.39
R2303S101419-11

1000
78711